UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN HUNTER, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | )   No. 3:05cv0795 AS |
| | ) |
| C. DAVIS, Warden, | ) |
| | ) |
| Respondent | ) |

*MEMORANDUM, OPINION AND ORDER*

On or about December 19, 2005, *pro se* petitioner, Steven Hunter, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 3, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon, although it is not entirely clear from the record in this case as to who has his custody at the time of the filing or, for that matter, at the present time. The record discloses that at some point in time in or around February 2005, this petitioner was incarcerated at the Indiana State Prison in Michigan City, Indiana in this district. He was there the subject of a prison disciplinary proceeding which is designated as ISP 05-02-0120. A three-member CAB conducted a disciplinary proceeding and found that this petitioner had unauthorized possession of money. The sanctions recommended were an earned credit time deprivation of 90 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient

under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). More recently, *see Scruggs v. Jordan*, 435 F.Supp. 2d 869 (N.D. Ind. 2006).

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). There is a requirement that state administrative remedies be exhausted. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Generally under *Estelle*, the ADP are a species of state law and not in and of themselves the basis for relief under 28 U.S.C. §2254. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court does not bottom any decision here on harmless error.

Recently this court has dealt extensively in *Scruggs* at page 873-74 with the question of impartiality of the CAB, and that standard will serve appropriately here. From all that can be determined here, the CAB performed its functions appropriately on the basis of the authorities collected recently by this court in *Scruggs*. This court is well familiar with the enunciation by the Court of Appeals in this circuit regarding the right of witnesses. *See Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993). There is an altogether appropriate screening process in which prisoners are given the opportunity to

designate and request <u>relevant</u> witnesses and that appears to have been done here.

This petitioner attempts to make an equal protection argument which this court will assume is under the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. As an example of how that clause has been liberally interpreted in our society, *see Loving v. Virginia*, 388 U.S. 1 (1967). It is beyond any doubt that the equal protection clause has certainly been applied to the states and state government. However, a defendant must show that he or she was intentionally discriminated against because of membership in a protected class. *See Washington v. Davis*, 426 U.S. 229 (1976), and *Smith v. Town of Eaton*, 910 F.2d 1469 (7th Cir. 1990). This court is mandated to greatly indulge *pro se* plaintiffs. *See Haines v. Kerner*, 404 U.S. 519 (1972). *But see also McNeil v. United States*, 508 U.S. 106 (1993). The basic constitutional teaching relevant to this species of prisoner disciplinary proceedings is generally found in *Wolff* and those strictures have been followed here.

Attendant to the filings in this case are a wide array of documents which explicate the proceedings at this penal institution. They are Exhibit A through I, both inclusive. When the entirety of this record is examined in the light of the relevant law, there is simply no basis for relief under 28 U.S.C. §2254. Such relief is now **DENIED**. **IT IS SO ORDERED**.

**DATED:** September 13, 2006

                                                               **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**